IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DOUGLAS WAYNE ARANT, | ) | C/A No. 2:14-cv-01539-MGL-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Douglas Wayne Arant, through counsel, brought this action to obtain judicial review of an unfavorable final administrative decision denying benefits on his 2008 application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act"). See Section 205(g) of the SSA, as amended, 42 U.S.C. Section 405(g). This matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and Title 28, United States Code, Section 636(b)(1)(B).

**Procedural History and ALJ's Findings**

The Plaintiff was born February 28, 1967 and was 41 years old on the alleged onset of disability, April 1, 2008. (R 303.) The Plaintiff filed for DIB and SSI benefits on August 28, 2008. (Id.) The Plaintiff was denied benefits on his initial claim and his request for reconsideration. (R. 163, 170.) The Plaintiff requested a hearing before an ALJ, and the hearing was held on October 27, 2010. (R. 108.) The ALJ made a finding the Plaintiff was not disabled on November 9, 2010, and the Plaintiff appealed the decision to the Appeals Council ("AC"). (R.

108-121, 257.)  On June 28, 2012, the AC vacated the ALJ's decision and remanded the claims

for a new hearing before an ALJ. (R. 127-131.)  On February 4, 2013, ALJ Arthur L. Conover

conducted a hearing pursuant to the AC's decision.  On February 22, 2013, the ALJ issued his

decision finding the Plaintiff not disabled.  (R. 135-148.)  The Plaintiff appealed the decision to

the AC, and his appeal was denied.  (R. 1-4.)  This case followed.

The ALJ's decision is now the Commissioner's final action for purposes of judicial

review.    In  making  the  determination  that  the  Plaintiff  is  not  entitled  to  benefits,  the

Commissioner has adopted the following findings of the ALJ's February 22, 2013 Decision (R.

135-148.):

> (1)    The  claimant  met  the  insured  status  requirements  of  the
> Social Security Act through December 31, 2013.
>
> (2)    The claimant has not engaged in substantial gainful activity
> since  April  1,  2008,  the  alleged  onset  date  (20  CFR  404.1571  *et
> seq*., and 416.971 *et seq*.).
>
> (3)    The  claimant  has  the  following  severe  impairments:
> migraines, depression, borderline intellectual functioning, psychotic
> disorder, and anxiety (20 CFR 404.1520(c) and 416.920(c)).
>
> (4)    The  claimant  does  not  have  an  impairment  or  combination
> of impairments that meets or medically equals the severity of one of
> the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1
> (20  CFR  404.1520(d),  404.1525,  404.1526,  416.920(d),  416.925,
> and 416.926).
>
> (5)    After  careful  consideration  of  the  entire  record,  I  find  that
> the claimant has the residual functional capacity to perform a full
> range  of  work  at  all  exertional  levels  but  with  the  following
> nonexertional  limitations:  claimant  is  limited  to  performing
> routine,  simple  work  with  no  cash  transactions;  claimant  cannot
> work with the public as customers; instructions must be oral at  the
> jobsite; claimant needs to work alone or with a small group where
> there is no required team-type interaction.
>
> (6)    The claimant is capable of performing past relevant work
> as a farm worker and material handler.  This work does not require
> the  performance  of  work-related  activities  precluded  by  the
> claimant's  residual  functional  capacity  (20  CFR  404.1565  and
> 416.965).
>
> (7)    The claimant has not been under a disability, as defined in
> the Social Security Act, from April 1, 2008, through the date to
> this decision (20 CFR 404.1520(f) and 416.920(f)).

## Applicable Law

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). The Act also provides that SSI disability benefits shall be available for aged, blind, or disabled persons who have income and resources below a specific amount. See 42 U.S.C. § 1381 *et seq.* "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. See 42 U.S.C. § 423(d)(1)(A) (definition used in the DIB context); 42 U.S.C. § 1382c(a)(3)(A) (definition used in the SSI context).[1]

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. See 20 C.F.R. § 404.1520 (DIB context); 20 C.F.R. § 416.920 (SSI context). If an individual is found not disabled at any step, further inquiry is unnecessary. See 20 C.F.R. § 404.1520(a)(4) (DIB context); 20 C.F.R. § 416.920(a)(4) (SSI context); see also Hall v. Harris, 658 F.2d 260 (4th Cir. 1981).

---

[1]"[T]he definition of disability is the same under both DIB and SSI . . . ." Mason v. Colvin, C/A No. 9:12-CV-1157-TLW-BM, 2013 WL 4042188, at *2 n.2 (D.S.C. Aug. 8, 2013) (citing Emberlin v. Astrue, C/A No. 06-CV-4136, 2008 WL 565185, at *1 n.3 (D.S.D. Feb. 29, 2008)).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. See SSR 82-62, 1982 WL 31386, at *3. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5);   42 U.S.C. § 1382c(a)(3)(H)(i).   He must make a *prima facie* showing of disability by showing that he is unable to return to his past relevant work.   Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983); see also Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. See Grant, 699 F.2d at 191. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191-92.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner "are supported by substantial evidence and whether the correct law was applied."   Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Richardson v. Perales, 402 U.S. 389 (1971); 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing 42 U.S.C. § 405(g); Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence but may be less than a preponderance.

Smith v. Chater, 99 F.3d 635, 637-38 (4th Cir. 1996) (internal quotation marks and citations omitted).

Thus, it is the duty of this Court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Analysis

The sole issue before this court is whether the ALJ properly considered the Plaintiff's impairments in combination.  The Plaintiff contends that the ALJ erred at Step Two of the sequential process in determining whether the Plaintiff's medically determinable impairments in combination were or equaled severe impairments and erred at Step Four of the sequential process by not considering the impairments in combination when performing the Plaintiff's residual functional capacity ("RFC") assessment.  (Dkt. No. 19 at 9-11.)  The Plaintiff argues the ALJ accounted for the Plaintiff's impairments individually in Step Two and Step Four but failed to consider the combined effect of the impairments.  (Id.)  The Commissioner argues that the ALJ considered the Plaintiff's impairments in combination.  (Dkt. No. 20 at 14-17.)

It "is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity....[T]he [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989) (citations omitted). Where a claimant has more than one impairment, the ALJ is required to consider the combined effect of these impairments under the statutory and

regulatory scheme for making disability determinations and to "'adequately explain his or her evaluation of the combined effects of [the] impairments.'" Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 2014 WL 4555249, at *4-5 (4th Cir.2014) (quoting Walker, 889 F.2d at 50); see also Rabon v. Astrue, No. 4:08-cv-03442-GRA, 2010 WL 923857 (D.S.C. Mar.9, 2010) (requiring remand when the ALJ did not consider severe and nonsevere impairments in combination). The ALJ must consider the combined effect of the Plaintiff's multiple impairments "throughout the disability determination process." 20 C.F.R. § 404.1523; see also Fleming v. Barnhart, 284 F.Supp.2d 256, 270 (D.Md. Sep.5, 2003) ("The ALJ is required to assess the combined effect of a claimant's impairments throughout the five-step analytical process." (citations omitted)).

When read as a whole, if it is clear that the impairments were considered in combination, courts in this district have upheld the ALJ's decision. See Brown v. Astrue, No. 0:10-cv-01584-RBH, 2012 WL 3716792, at * 6 (D.S.C. Aug.28, 2012) ("[T]he adequacy requirement of Walker is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments."); Thornsberry v. Astrue, No. 4:08-4075-HMH, 2010 WL 146483, at *5 (D.S.C. Jan. 12, 2010) (finding "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of [the plaintiff's] impairments, his overall findings adequately evaluate the combined effect of [the plaintiff's] impairments.").

In the case at bar, the ALJ either failed to consider or omitted from his decision how he considered the Plaintiff's impairments in combination, thereby violating 20 C.F.R. § 404.1523 and Walker. In his Step Two analysis, the ALJ stated each impairment the Plaintiff alleged or that was presented in the record. (R. 137-140.) The ALJ discussed the evidence to support his findings regarding each impairment separately. (Id.) There is no indication he considered the impairments in combination or the effects the impairments might have on one another.

In his RFC assessment, the ALJ lumped together certain impairments for analysis while analyzing others by themselves.  (See R. at 142 ("In terms of claimant's depressive, anxiety, psychotic, and intellectual disorders…."); R. at 144 ("As far as claimant's headaches…."); R. at 144 ("In terms of claimant's alleged hypertension, extremity pain, and back pain….").)  Following the introduction of each impairment or grouping of impairments, the ALJ specifically stated exactly what allowances he made in the Plaintiff's RFC relating to that impairment and gave an evidentiary basis for it.  (R. 142-144.)  The ALJ's decision then assessed each medical source opinion and assigned a weight to it.  (R. 144-146.)  The ALJ then summarized the basis for his RFC.  (R. 146.)  The summary does not make clear if or how the impairments were weighed in combination.  (Id.)  Review of the ALJ's decision as a whole does not provide any further insight into how or if the ALJ considered the impairments in combination.

The ALJ's opinion does contain boilerplate language stating the ALJ considered the impairments "in combination" and made his RFC assessments "[a]fter careful consideration of the entire record" and "considered all symptoms."  (R. 140; 142.)  The ALJ's decision does not provide any analysis to support that the Plaintiff's impairments were considered together.  This boilerplate language alone does not meet standard required by Walker.  See Good v. Colvin, No. 1:12-3380-RMG, 2014 WL 358425, at *3 (D.S.C. Jan. 31, 2014); Lucas v. Astrue, No. 5:10-2606-JMC-KDW, 2012 WL 265712, at *14 (D.S.C. Jan. 23, 2012) report and recommendation adopted, No. 5:10-CV-02606-JMC, 2012 WL 266480 (D.S.C. Jan. 30, 2012).  This court finds that the ALJ erred by not properly considering the Plaintiff's impairments in combination and recommends this case be remanded to the Commissioner for further proceedings.

## **Recommendation**

Wherefore, based upon the foregoing, the Court recommends that the Commissioner's decision be reversed and remanded for administrative action consistent with this recommendation,

IT IS SO RECOMMENDED.


July 20, 2015

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE