

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DOUGLAS WAYNE ARANT, § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 2:14-1539-MGL-MGB |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claims for DIB and SSI be reversed and remanded for further proceedings consistent with the Report. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 20, 2015, and Defendant filed her objections on August 11, 2015. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for DIB and SSI on August 28, 2008, alleging that his disability commenced on April 1, 2008. The Social Security Administration denied his claim, both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ held on October 27, 2010. The ALJ then issued a decision on November 9, 2010, finding that Plaintiff was not disabled under the Act. Plaintiff appealed the ALJ's decision to the Appeals Council, which vacated the ALJ's decision. Plaintiff's second hearing was held on February 4, 2013. The ALJ issued his decision on February 22, 2013, holding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's appeal. Plaintiff then filed this action for judicial review.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987). "Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

Defendant raises just one objection: that the Magistrate Judge erred in suggesting to this Court that the ALJ failed to consider Plaintiff's combination of impairments. According to Defendant, "the ALJ clearly considered Plaintiff's impairments in combination at steps three (listings

3

analysis) and four (RFC assessment) and appropriately found that they did not render Plaintiff disabled." Objections 3. The Court is unpersuaded.

It has long been established "that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). The ALJ "must consider the combined effect of a claimant's impairments and not fragmentize them." *Id*. "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Id*.

As the Magistrate Judge observed, "[t]he ALJ's opinion does contain boilerplate language stating the ALJ considered the impairments 'in combination' and made his RFC assessments '[a]fter careful consideration of the entire record' and 'considered all symptoms.'" Report 7 (citing A.R. 140, 142. However, "[t]he ALJ's decision does not provide any analysis to support that the Plaintiff's impairments were considered together. This boilerplate language alone does not meet standard required by *Walker*." *Id*.

One final note: there have been instances in which this Court has affirmed an appeal in which the ALJ could have done a better job explaining his decision because, when the opinion was read as a whole, the Court was able to take the ALJ at her or his word that he or she had properly analyzed the issue. *See, e.g.*, *Sims v. Colvin*, Civil Action No. 0:14-1663-MGL-PJG, 2015 WL 5525096, at *6 (D.S.C. Sept. 17, 2015  ("[T]he Court is satisfied that, when the ALJ's opinion is read as a whole, it is clear that he considered the combined effect of Plaintiff s combined impairments. Further, '[the Court's] general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter.'" *Hackett v.*

4

*Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005)).  Additionally, in those cases, the Court concluded that, "[t]o the extent that the ALJ could have done a better job in explaining his decision, because the ALJ's decision is overwhelmingly supported by the record, to remand the case to Defendant would be a waste of time and resources." *Id*. at *7  (citing *Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) ("[I]f the [ALJ's] decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time.").  But, this is not such a case.  The ALJ's decision, when read as a whole, fails to convince this Court that he properly considered the evidence of the effect of Plaintiff's combined impairments "and the ALJ's decision is [not so] overwhelmingly supported by the record . . . [that] remanding is a waste of time." *Bishop*, 583 F. App'x at 67.  Hence, because this Court is of the firm opinion that the ALJ failed to properly consider and/or explain his consideration of Plaintiff's impairments in combination, the Court will overrule Defendant's objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claims for DIB and SSI is **REVERSED AND REMANDED** for further proceedings consistent with the Report.

**IT IS SO ORDERED**.

Signed this 29th day of September, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE